UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVERETT BLAKES** | * | |
| | * | **PROCEEDING NO.:** |
| **v.** | * | |
| | * | **Section** |
| **DYNCORP INTERNATIONAL, LLC.** | * | |

## CLASS ACTION COMPLAINT

**NOW INTO COURT**, comes Everett Blakes ("Plaintiff"), individually and on behalf of a Class of all others similarly situated, alleges:

### Nature of the Case

1.

This class action is brought on behalf of all Louisiana residents (collectively as "Plaintiff") employed or contracted by Defendant Dyncorp International LLC ("Dyncorp") to perform services in Afghanistan, and who were not provided all employment-related pay and other benefits promised in their employment contracts.

2.

Defendant Dyncorp is a private sector contractor that provides logistics support services to the United States Armed Services.

3.

Pursuant to Rules 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks certification of the following Class:

> **All Louisiana residents who executed Foreign Service Employment Agreements or similar employment agreements with DynCorp International LLC to perform services in Afghanistan.**

Excluded from the Class are the following individuals and/or entities:

1

      i.      Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

      ii.      Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

      iii.      Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the Class; and

      iv.      Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

4.

This Class action seeks declaratory and/or injunctive relief, retroactive and prospective benefits and compensation, and other damages arising out of Defendant's breach of its employment contracts with Plaintiff and Class Members.

**Parties, Jurisdiction and Venue**

5.

Plaintiff, Everett Blakes, is an adult resident of Jefferson Parish, Louisiana.

6.

Defendant DynCorp International LLC is a Delaware limited liability company with its principal place of business in Mclean, Virginia. The address for DynCorp's principal place of business is 1700 Old Meadow Road, Mclean, VA 22102. The address for DynCorp's principal business establishment in Louisiana is 5615 Corporate Blvd, Suite 400B, Baton Rouge, LA 70808. DynCorp may be served with process through its agent for service of process in Louisiana located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

7.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is either complete diversity of citizenship or minimal diversity and the aggregate value of the Class Members' claims exceeds the sum or value of five million dollars ($5,000,000.00), exclusive of recoverable interest and costs. No cause of action stated herein has been assigned or otherwise given to any other court or tribunal.

8.

Venue is proper in this District pursuant to 28 U.S.C. § 1391. Dyncorp is registered to do business and does substantial business in the State of Louisiana, including specifically within the Middle District of Louisiana, from which it derives substantial revenues and profits. In particular, Dyncorp recruits heavily in the State of Louisiana and has both a registered office and an appointed agent situated in Middle District of Louisiana. DynCorp is therefore subject to *in personam* jurisdiction in this District.

**Factual Allegations**

9.

At all material times, Defendant Dyncorp employed Plaintiff as an Escort Monitoring Technician or LN/TCN Monitor at Bagram Airfield Afghanistan.

10.

On March 21, 2013, Plaintiff signed a Foreign Service Employment Agreement ("Contract") with DynCorp, which was drafted by DynCorp. (While Plaintiff does not believe the Contract contains confidential information proprietary to Defendant, Plaintiff has not attached a copy of the contract to the complaint in order to allow Defendant an opportunity to take a position on the matter). The parties to the Contract were Plaintiff and Defendant.

11.

Plaintiff's work schedule was seven (7) consecutive days a week and his basic compensation was the base hourly rate set forth in the Contract.

12.

Plaintiff was entitled to benefits coverage described in "Employer's Benefit Program" as cited in the Contract.

13.

The Contract provided that wage payments would be calculated in U.S. dollars and in accordance with the company timekeeping policy. Payments would be made every two (2) weeks.

14.

The Contract required 66 days off, 20 sick days and 20 vacation days, amounting to 106 paid leave days. In addition, the Contract required payment at time and a quarter for all hours

worked in excess of a 40 hour work week, and at time and a half when the work was performed on specified holidays.

15.

DynCorp withheld Plaintiff's tax obligations and liabilities from his wages. It withheld only U.S. federal and state taxes. No amount of Plaintiff's wages was withheld or paid to satisfy any tax obligations or liabilities in Afghanistan.

16.

Throughout his tenure in Afghanistan and unbeknownst to Plaintiff, DynCorp failed to pay him fully in accordance with the Contract.

17.

Following his departure from Afghanistan, Plaintiff did not receive, and has yet to receive, all payments and benefits as promised by the Contract that were due since the departure date from Afghanistan and the arrival date in the United States

18.

As a consequence of the foregoing, defendant DynCorp breached the Contract and Louisiana law in the following particulars:

a) failing to pay overtime and/or other premium compensation rates in accordance with the Afghan Labor Law, which was incorporated by reference into the Contract;

b) failing to provide paid leave in accordance with the Afghan Labor Law, which was incorporated by reference into the Contract;

c) failing to pay the terminal service indemnity (end of service payment) in accordance with the Afghan Labor Law, which was incorporated by reference into the Contract;

d) failing to pay damages for terminating the Contract prior to its completion date in accordance with the Afghan Labor Law, which was incorporated by reference into the Contract;

e) failing to pay post differential (hardship) pay and/or danger pay as required by the Contract;

f) failing to provide paid leave benefits under the Employer's benefit program in addition to the paid leave benefits under the Afghan Labor Law, which was incorporated by reference into the Contract;

g) failing to provide a per diem for all meals at the military dining facility; and/or

h) failing to provide housing and transportation at no cost to the Employee.

19.

On information and belief, Plaintiff avers that hundreds, if not thousands, of similarly situated Class Members entered into and performed services for defendant Dyncorp in Afghanistan during the same time period under the same and/or substantially similar employment contracts with defendant DynCorp. These contracts were performed by each Class Member in the same and/or substantially similar manner to the work performed by Plaintiff under his Dyncorp contract, and were breached by defendant Dyncorp in the same and/or substantially similar manner.

## Class Action Allegations

20.

This Class action is brought on behalf of all Louisiana residents presently and/or formerly employed by DynCorp to perform services in Afghanistan and who were not provided all employment-related pay and other benefits promised in their employment contracts.

21.

Pursuant to Rules 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks certification of the following Class:

**All Louisiana residents who executed Foreign Service Employment Agreements or similar employment arrangements with DynCorp International LLC to perform services in Afghanistan beginning January 1, 2007 and thereafter.**

Excluded from the Class are the following individuals and/or entities:

v. Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;
vi. Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;
vii. Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the Class; and
viii. Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

22.

Plaintiff avers that this action should be certified as a Class action for the following reasons:

a) Questions of law or fact are common to the Class and affect a large Class of individuals;

b) Plaintiff is a member of the Class, and his claims are typical of the Class;

c) The Class consists of a sufficiently large group of individuals, believed to exceed a five hundred members, and is so large that it is impractical to join all members of the Class before the Court as individual plaintiffs. The identity of the Class Members is maintained by and easily available to the defendant and is accordingly readily ascertainable;

d) Named Plaintiff will fairly and adequately represent the claims of the Class, and protect the interests of the Class, without exercising personal interests or otherwise acting in a manner inconsistent with the best interests of the Class;

e) Named Plaintiff has retained attorneys experienced in class action litigation who will responsibly and vigorously advocate on behalf of the Class as a whole;

f) Common questions of law or fact predominate over those questions affecting only individual members of the Class;

g) A Class action is superior to other methods of adjudication and specifically designed to result in the fair, uniform, and efficient adjudication of the underlying claims. This Class action will facilitate judicial economy and preclude the undue financial, administrative, and procedural burdens that would necessarily result from a multiplicity of individual actions;

h) Without Class certification, the prosecution of separate actions by individual Class Members would be impracticable and financially difficult, and create a risk of repetitive, inconsistent, and varying adjudications. This would have the effect of establishing incompatible standards of conduct, discouraging the prosecution of meritorious but small claims, and/or result in adjudications that would be dispositive of the interests of other Class Members not parties to the adjudication, or otherwise substantially impair the ability of Class Members to protect their rights and interests; and

i) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making the award of equitable relief and/or restitution appropriate to the Class as a whole.

## **Cause of Action**

23.

Plaintiff adopts and incorporates all preceding paragraphs as if fully stated herein.

24.

On March 21, 2013, Plaintiff signed a Foreign Service Employment Agreement ("Contract") with DynCorp to provide services as an Escort Monitoring Technician in Afghanistan. The Contract was drafted by DynCorp. All other members of the Class entered into the same or substantially similar contracts drafted by DynCorp.

25.

As described hereinabove, DynCorp breached the Contracts with Plaintiff and the Class Members by failing to provide complete pay and benefits to Plaintiff and to the Class Members in accordance with the terms of the Contracts. In so doing, Dyncorp also violated the Louisiana Wage Payment statute, La. R.S. 23:631 et seq., entitling class members to penalty wages in addition to amounts owed to them under their employment contracts.

26.

DynCorp's multiple contractual breaches and violations of Louisiana law have damaged Plaintiff and the Class Members in an amount to be proved at trial.

27.

As a proximate consequence of DynCorp's breach of contract, Plaintiff and the Class have been required to retain undersigned counsel to initiate and prosecute this action. Plaintiff and the Class are entitled to reasonable attorney's fees for the prosecution of this action. Contemporaneous with the service of this Complaint upon Defendant, Defendant will be separately notified of Plaintiff's claims for attorney's fees on behalf of himself and the Class. Alternatively, Plaintiff is entitled to recover attorneys' fees under the provisions of La. R.S. 23:631 et seq.

**Relief Requested**

**WHEREFORE**, Plaintiff Everett Blakes, individually and as representative of the above-described Class, respectfully requests that defendant Dyncorp International, LLC, be duly cited and served with this Class Action Complaint, and that after due proceedings are had there be judgment rendered by this Honorable Court in favor of Plaintiff Everett Blakes and the Class and against defendant Dyncorp International, LLC, as follows:

1. Declaring the actions of defendant Dyncorp International, LLC to breach its contract with Plaintiff Blakes and the putative Class Members, and in violation of Louisiana law;

2. Injunctive and/or other equitable relief as appropriate to deter future similar conduct by defendant Dyncorp International, LLC;

3. Actual damages in the form of retroactive and prospective benefits and compensation, in amounts to be determined;

4. Attorney's fees, expenses, and costs of suit;

5. Legal interest from the date of breach until paid; and

6. Such other legal and equitable relief as the nature of this case may allow and this Honorable Court deems proper.

Date: January 2, 2017

Respectfully submitted,

**TAGGART MORTON, L.L.C.**

/s/ Perry R. Staub, Jr.
Perry R. Staub, Jr. (Bar Roll No. 12414)
Mark E. Van Horn (Bar Roll No. 14476)
Janet Daly McGrew (Bar Roll No. 01321)
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
pstaub@taggartmorton.com
mvanhorn@taggartmorton.com
jmcgrew@taggartmorton.com

**COUNSEL FOR PLAINTIFF,
EVERETT BLAKES**

**PLEASE SERVE:**
Dyncorp International, LLC.
Through its Registered Agent:
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816