UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| EVERETT BLAKES | CIVIL ACTION |
|---|---|
| VERSUS | |
| DYNCORP INTERNATIONAL, LLC. | NO.: 17-00001-BAJ-EWD |

### RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 32)** filed by Dyncorp International, LLC. Plaintiff Everett Blakes filed an opposition (Doc. 33). Defendant filed a reply. (Doc. 34). Defendant moves to dismiss, arguing that the Court lacks personal jurisdiction, that this action was filed in an improper forum, and that Plaintiff has failed to state a claim for relief. Because the Court concludes that it lacks personal jurisdiction over the Defendant, the **Motion to Dismiss (Doc. 32) is GRANTED.**

I. BACKGROUND

Plaintiff seeks to recover employment-related pay and other benefits on behalf of himself and a purported class. (Doc. 1 at ¶ 1). Plaintiff alleges that Defendant employed him as an Escort Monitoring Technician at Bagram Airfield in Afghanistan. (Doc. 1 at ¶ 9). Plaintiff also alleges that Defendant failed to pay him in accordance with his employment contract. *Id.* at ¶ 16. As a result, Plaintiff claims that Defendant breached the contract by: (1) failing to pay overtime and/or other premium compensation rates in accordance with the Afghan Labor Law; (2) failing to provide

1

paid leave in accordance with the Afghan Labor Law; (3) failing to pay the end of service payment; (4) failing to pay damages for terminating the Contract prior to its completion date in accordance with the Afghan Labor Law; (5) failing to pay hardship pay; (6) failing to provide paid leave benefits; (7) failing to provide a per diem; and (8) failing to provide housing and transportation. *Id.* at ¶ 18. Plaintiff also avers that Defendant failed to properly pay hundreds if not thousands of similarly situated employees. *Id.* at ¶ 19.

Plaintiff filed suit on January 2, 2017. (Doc. 1). On July 10, 2017, the Plaintiff filed a Motion for Leave to File an Amended Complaint, which seeks to expand the putative class. (Doc. 22). Then, on August 29, 2017, the Defendant filed a Motion to Dismiss. (Doc. 32).

## II. LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint where the Court lacks personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). Where a defendant disputes the factual basis for jurisdiction, courts "may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

Where, as here, a court does not hold an evidentiary hearing on jurisdictional issues, "it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts." *Id.* at 241 (internal citations omitted). At this stage, the plaintiff also need only present a *prima facie* case for personal jurisdiction. *Id.* However, in assessing whether the plaintiff has presented a *prima facie* case for personal jurisdiction, courts "will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed. Appx. 628, 631 (5th Cir. 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)).

## III. DISCUSSION

A court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute confers personal jurisdiction over that defendant, and the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, the Court must determine only whether the exercise of its jurisdiction in this case satisfies federal due process requirements. La. R.S. § 13:3201(B).

The exercise of personal jurisdiction over a nonresident defendant satisfies the Due Process Clause if: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211

3

(citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)). These required "minimum contacts" may be established by contacts sufficient to assert specific jurisdiction or general jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### A. General Jurisdiction

A court may exercise general personal jurisdiction over a defendant when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe*, 326 U.S at 317). A corporation is generally only "at home" in the state of its incorporation or its principal place of business. *BNSF R. Co. v. Tyrrell*, 581 U.S. ——, ——, 137 S.Ct. 1549, 1558 (2017) (internal citations omitted). "In an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S., at ——, n. 19, 134 S.Ct., at 761, n. 19 (2014)).

Plaintiff does not argue that Defendant is subject to the Court's general jurisdiction because he indicates that he "knows little of DynCorp's business activities in the state of Louisiana." (Doc. 33 at p. 3).[1] Instead, Plaintiff argues that to fully

---

[1] Even if Plaintiff argued that the Defendant is subject to the Court's general jurisdiction, Plaintiff's allegations do not support such a conclusion. Plaintiff does not allege that the Defendant is incorporated or that it has its principal place of business in Louisiana. (Doc. 1 at ¶ 5). Plaintiff's allegations also do not establish that Defendant's contacts with Louisiana are "so substantial and of such a nature as to render the corporation at home in [Louisiana]." *BNSF*, 137 S.Ct. at 1558 (2017).

4

address general jurisdiction, he requires jurisdictional discovery. (Doc. 33 at p. 3). "As the party opposing dismissal and requesting [jurisdictional] discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *See Freeman v. United States*, 556 F.3d 326, 341–42 (5th Cir. 2009). A plaintiff is "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a [motion to dismiss for lack of personal jurisdiction." *Id.* at 342.

Plaintiff has not described what facts he expects to discover and how that information would support general jurisdiction. Plaintiff has also not pointed to anything in the record to establish that the requested discovery would likely produce any facts to support general jurisdiction. *See Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 685 (S.D. Tex. 2014) (denying jurisdictional discovery because Plaintiffs "have not described what facts they expect to discover and how that information would support jurisdiction[.]"). Plaintiff cannot sue first and ask jurisdictional questions later. Therefore, the Court lacks general jurisdiction over Defendant. Plaintiff has also not pointed to any authority to support its request for jurisdictional discovery. Plaintiff's request for discovery is denied.

**B. Specific Jurisdiction**

Plaintiff argues that Defendant has sufficient minimum contacts with Louisiana to sustain the exercise of specific jurisdiction. (Doc. 33 at p. 2). Plaintiff argues that Defendant has purposefully availed itself of the State of Louisiana because: (1) after Plaintiff learned about working for Defendant from a friend, a

recruiter employed by Defendant contacted and interviewed Plaintiff by phone at his Louisiana home; (2) the recruiter directed Plaintiff to complete an application available at the Defendant's website; (3) Plaintiff exchanged several e-mails with the Defendant's employees, and he completed several forms and sent them to Defendant from his Louisiana home; (4) Defendant employees sent Plaintiff a conditional-offer of employment via email, which Plaintiff signed and sent back to the Defendant from his Louisiana home; (5) Plaintiff was ultimately hired by the Defendant; and (6) the Defendant directly deposited Plaintiff's pay to a bank located in Louisiana. (Doc. 33-1 at p. 1-3).[2]

The United States Court of Appeals for the Fifth Circuit "has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum" do not establish specific personal jurisdiction. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004); *accord Renoir v. Hantman's Assocs.*, 230 Fed. Appx. 357, 360 (5th Cir. 2007) ("An exchange of communications in the course of developing and carrying out a contract . . . does not, by itself, constitute

---

[2] Plaintiff alleges in his Complaint that "Defendant recruits heavily in the State of Louisiana." (Doc. 1 at ¶ 8). Even at this stage, the Court need not accept conclusory allegations as true. *Sealed Appellant 1 v. Sealed Appellee 1*, 625 Fed. Appx. 628, 631 (5th Cir. 2015). This allegation, however, is conclusory and unsupported by the materials Plaintiff attached to his opposition to Defendant's motion to dismiss, even when the Court considers all evidence in the light most favorable to Plaintiff. (*See* Doc. 33).

the required purposeful availment of the benefits and protections of [the forum state's laws].").

In *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986), the court found that a Texas court did not have specific jurisdiction over a nonresident defendant who entered into a contract with a Texas company, sent a contract and three payments to Texas, and engaged in extensive communication with the Texas corporation. *Id.* at 777–78. Likewise, in *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985), the court found no specific jurisdiction over a nonresident defendant who had contracted with Texas residents, directed letters and phone calls to Texas, sent products to Texas, negotiated a contract with plaintiffs that was to be governed by Texas law, and marketed his product in Texas. *Id.* at 1192. In *Freudensprung*, the court also held that a Panamanian corporation did not have minimum contacts with Texas by contracting, communicating, and wiring money to a Texas company with whom it contemplated a long-term business relationship. *Freudensprung* 379 F.3d at 433.

Like *Holt, Stuart*, and *Freudensprung*, there are insufficient contacts with Louisiana to support the exercise of personal jurisdiction over Defendant. The fact that Defendant communicated with Plaintiff in the forum state, Plaintiff executed a contract in the forum state, and the Defendant deposited money to Plaintiff in the forum state are insufficient to establish specific jurisdiction. Additionally, the significance of these contacts is diminished because Plaintiff's employment contract contained an Afghan forum selection and choice of law provision, and the contract contemplated that Plaintiff would be employed in Afghanistan. (Doc. 32-3 at ¶ 17).

7

See *Stuart*, 772 F.2d at 1195; *Hazim v. Schiel & Denver Pub. Ltd.*, No. 12-CV-1286, 2015 WL 4545534, at *5 (S.D. Tex. July 28, 2015) (concluding that forum selection and choice of law provisions are relevant to personal jurisdiction). Indeed, in *Freudensprung*, the Fifth Circuit held that the significance of the Panamanian company's contacts with Texas were "severely diminished" because the contract anticipated that it would be performed in West Africa, and the contract contained an English choice-of-law provision. *Freudensprung*, 379 F.3d at 345.

Plaintiff also argues that Defendant's use of its website to facilitate contracting with Plaintiff is an important factor in the Court's jurisdictional analysis. (Doc. 33 at p. 10). Here, Defendant asked Plaintiff to complete an online form on two occasions in connection with his employment, which Plaintiff completed from his home in Louisiana. (Doc. 33-1 at p. 2). These forms operated no differently than if Defendant asked Plaintiff to send Defendant additional information via e-mail. Therefore Defendant's use of its website does not contribute to Defendant's contacts with Louisiana.

Plaintiff also relies on two district court cases to argue that the Defendant is subject to the Court's personal jurisdiction: *Pike v. Clinton Fishpacking*, Inc., 143 F. Supp. 2d 162, 168 (D. Mass 2011) and *Guajardo v. Deanda*, 690 F. Supp. 2d 539 (S.D. Tex. 2010). In *Pike*, the court concluded that a Washington owner of a fishing vessel had minimum contacts with Massachusetts because the owner used Massachusetts contacts to recruit Massachusetts fishermen. 143 F. Supp. at 166, 169. In *Guajardo*, the court found that an Iowa company had minimum contacts with Texas because it

used a Texas state agency to recruit Texas-based workers, and it called Texas workers regarding employment. 690 F. Supp. 2d 547-51. However, unlike *Pike* and *Guajardo*, where the out-of-state employer used in-state recruiters, Plaintiffs do not allege that the Defendant used Louisiana-based recruiters. Therefore, Plaintiff's reliance on these cases is misplaced.[3]

Finally, the Court recognizes that "[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir.1999). Here, however, Plaintiff does not allege that his cause of action arises from the communications that led up to the execution of his employment contract, like fraudulently misrepresenting the terms of employment. To the contrary, Plaintiff alleges that the performance of the employment agreement itself was deficient, and Defendant employed Plaintiff in Afghanistan, not in Louisiana.

## IV. CONCLUSION

Plaintiff entered into an employment contract containing an Afghan choice of law provision, an Afghan forum selection clause, and contemplating that Plaintiff would work in Afghanistan. The fact that Plaintiff received a call from the Defendant in Louisiana, exchanged e-mails and accessed the Defendant's website from Louisiana does not subject Defendant to the Court's personal jurisdiction. Plaintiff has therefore not established a *prima facie* case of personal jurisdiction. Because the

---

[3] Even if Plaintiff had used in-state recruiters that still may not have been enough to subject the Defendant to the Court's specific jurisdiction. The analysis would, of course, turn on the specific nature of the in-state recruiters' contacts with Louisiana.

Court lacks jurisdiction over Defendant, the Court need not address Plaintiff's *forum non conveniens* and failure to state a claim arguments. Additionally, Plaintiff's pending Motion for Leave to File Amended Complaint (Doc. 22), even if granted, would not alter the Court's personal jurisdiction analysis because it contains no additional allegations pertinent to personal jurisdiction. *See Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("[A] district court may refuse leave to amend," however, "if the filing of the amended complaint would be futile."). Therefore, Defendant's Motion to Dismiss is granted, and the Motion for Leave to Amend is denied.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 32)** filed by Dyncorp International, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Leave to Amend Complaint (Doc. 22)** filed by Everett Blakes is **DENIED**.

**IT IS FURTHER ORDERED** that Everett Blake's claims against Dyncorp International, LLC are **DISMISSED**.

Baton Rouge, Louisiana, this 18th day of October, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA