# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

August 17, 2018

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

    No. 17-31003   Everett Blakes v. Dyncorp International, L.L.C.
                              USDC No. 3:17-CV-1

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Sabrina B. Short, Deputy Clerk
                              504-310-7817

cc w/encl:
    Ms. Phyllis Guin Cancienne
    Ms. Betty S. Wommack Graumlich
    Mr. Devin Lowell
    Mr. Perry R. Staub Jr.
    Ms. Kim M. Watterson

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 17-31003
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 26, 2018
Lyle W. Cayce
Clerk

D.C. Docket No. 3:17-CV-1

EVERETT BLAKES,

    Plaintiff - Appellant

v.

DYNCORP INTERNATIONAL, L.L.C.,

    Defendant - Appellee

Appeal from the United States District Court for the
Middle District of Louisiana

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.



**Certified as a true copy and issued
as the mandate on Aug 17, 2018**

Attest:   *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-31003
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 26, 2018
Lyle W. Cayce
Clerk

EVERETT BLAKES,

      Plaintiff - Appellant

v.

DYNCORP INTERNATIONAL, L.L.C.,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-1

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

PER CURIAM:[*]

    Before the court is the district court's grant of DynCorp, L.L.C.'s ("DynCorp") motion to dismiss for lack of personal jurisdiction. For the following reasons, we AFFIRM.

## I.

    DynCorp is a Delaware limited liability company, headquartered in Virginia, with no physical presence in Louisiana. It neither leases nor owns

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 17-31003   Document: 00514604243   Page: 2   Date Filed: 08/17/2018
Case 3:17-cv-00001-BAJ-EWD   Document 44   08/17/18   Page 4 of 10

No. 17-31003

property in Louisiana and none of its officers or directors reside, or are domiciled, in the state. DynCorp employed Everett Blakes, a Louisiana resident, as an Escort Monitoring Technician at Bagram Airfield in Afghanistan, under a Foreign Service Employment Agreement ("FSA").

DynCorp negotiated the FSA with Blakes through a series of email communications and phone calls. DynCorp also required him to submit an application through its website. Blakes took part in the application and negotiation process from his Louisiana home, where he also signed a conditional offer of employment. Additionally, Blakes completed several forms and sent them to DynCorp from his home. However, Blakes signed the FSA in Florida, where he travelled to complete training for the job.

The FSA contained choice of law and choice of forum provisions, dictating that any disputes arising from the contract would be governed by Afghan law and would be resolved in an Afghan forum. Further, the FSA contemplated performance solely in Afghanistan, where, the parties agree, the FSA was, in fact, performed. DynCorp deposited Blakes's wages into his Louisiana bank account, withholding the requisite Louisiana state income tax.

Blakes brought this action against DynCorp for breach of contract on behalf of himself and a putative class, in the Middle District of Louisiana. He alleged that DynCorp failed to pay wages and other benefits owed pursuant to the Afghan Labor Law, the Louisiana Wage Payment Statute, and the terms of the FSA.

The district court determined that DynCorp's contacts with Louisiana were insufficient to support the exercise of specific personal jurisdiction. Additionally, the district court found that Blakes's cause of action did not arise from DynCorp's alleged contacts with Louisiana. Rather, the court determined that it arose from DynCorp's alleged failure to perform the contract in

2

Case: 17-31003     Document: 00514604243     Page: 3     Date Filed: 08/17/2018
Case 3:17-cv-00001-BAJ-EWD     Document 44     08/17/18     Page 5 of 10

No. 17-31003

Afghanistan. Accordingly, the district court declined to exercise personal jurisdiction over DynCorp and granted its motion to dismiss. Blakes timely appealed.

## II.

A district court's dismissal of a complaint for lack of personal jurisdiction is subject to *de novo* review. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014).

## III.

The district court did not err in dismissing Blakes's complaint for lack of personal jurisdiction. Although Blakes was only required to make a *prima facie* showing to establish the district court's personal jurisdiction over DynCorp, he failed to meet his burden. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

In order to determine whether a district court may exercise specific personal jurisdiction over a party in a manner consistent with due process, this circuit employs a three-pronged test:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[1]

*Monkton*, 768 F.3d at 433 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

---

[1] If a plaintiff establishes the first two prongs of the test, the burden shifts to the defendant "to show that exercising jurisdiction would be unfair or unreasonable." *Monkton*, 768 F.3d at 433. Because Blakes fails on the first two prongs, we need not reach the third.

No. 17-31003

We have consistently held that "merely contracting with a resident of [a] forum state" does not create minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). This is particularly true when an out-of-state defendant has no physical presence in the forum, conducts no business there, and the contract at issue "was not signed in the state and did not call for performance in the state." *Monkton*, 768 F.3d at 433. Furthermore, neither communications between the parties leading up to the execution of a contract nor payments sent to the forum state suffice to justify the exercise of personal jurisdiction. *See Fruedensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004).[2] Finally, foreign choice of law provisions and foreign performance "severely diminish[]" "[t]he significance of . . . alleged minimum contacts." *Id.* at 345.

The facts at issue here fall squarely within our circuit's personal jurisdiction jurisprudence. DynCorp had no physical presence in Louisiana. Prior to the execution of the FSA, it merely exchanged information with Blakes electronically and by telephone while he was at his Louisiana home. Moreover, the contract between DynCorp and Blakes was signed in Florida, contained a foreign choice of law clause, and was performed in Afghanistan. DynCorp's only contact with Louisiana subsequent to executing the FSA was depositing

---

[2] Blakes's attempt to distinguish *Freudensprung* is misguided. Although Blakes is correct to note that the plaintiff in *Freudensprung* was not a party to the contract at issue, we found that fact significant only in relation to the question of whether the litigation arose out of the defendant's alleged minimum contacts with the forum state. *Fruedensprung*, 379 F.3d at 344. We went on to address the question of the defendant's minimum contacts themselves, finding them insufficient to support the district court's exercise of personal jurisdiction. *Id.* at 344-45. The relevance of *Fruedensprung* for an analysis of DynCorp's alleged Louisiana contacts, therefore, stands.

4

Case: 17-31003 Document: 00514604243 Page: 5 Date Filed: 08/17/2018
Case 3:17-cv-00001-BAJ-EWD Document 44 08/17/18 Page 7 of 10

No. 17-31003

Blakes's wages into his Louisiana bank account.[3] Accordingly, the district court correctly determined that DynCorp did not have sufficient minimum contacts with Louisiana to support the court's exercise of personal jurisdiction.[4]

The district court also determined that Blakes's cause of action did not arise out of DynCorp's alleged contacts with Louisiana, but instead out of its allegedly deficient performance of the FSA in Afghanistan. Because we agree with that finding and because Blakes has failed to establish that DynCorp had sufficient minimum contacts with Louisiana, we need not separately address the question of the source of Blakes's cause of action. *See Monkton*, 768 F.3d at 433-34.

AFFIRMED.

---

[3] Blakes also contends, but never supports with authority, that DynCorp purposefully availed itself of the privileges of conducting business in Louisiana by withholding Louisiana state income taxes from his wages and making tax withholding payments to the Louisiana Department of Revenue. We disagree. The Eastern District of Louisiana's decision in *Sciortino v. CMG Capital Management Group, Inc.* is instructive. The district court declined to exercise personal jurisdiction over a nonresident defendant where the plaintiff, arguing in favor of jurisdiction, relied in part on defendant-company's deposits of wages into a Louisiana bank account and its withholding of Louisiana income taxes. *Sciortino v. CMG Capital Management Group, Inc.*, No. 16-11012, 2016 WL 4799099, at *6-7 (E.D. La. Sept. 14, 2016). By withholding state taxes and paying them to the Louisiana Department of Revenue, DynCorp did not seek to avail itself of the benefits of Louisiana's laws. It simply did what the law required it to do in conjunction with an activity—sending payments to another state— that this court has previously found insufficient to support the exercise of specific personal jurisdiction. *See Freudensprung*, 379 F.3d at 345. DynCorp's payments and tax withholdings arose out of the "mere fortuity" that Blakes lived in Louisiana, from which fortuity "purposeful availment . . . cannot be inferred." *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985).

[4] Blakes's reliance on out-of-circuit case law—*Pike v. Clinton Fishpacking, Inc.,* 143 F.Supp.2d 163 (D.Mass. 2001) and *O' Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3rd Cir. 2007)—is unavailing, in light of the available body of controlling Fifth Circuit precedent.

5

# BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion,* See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

EVERETT BLAKES v. DYNCORP INTERNATIONAL, L.L.C.    No. 17-31003

The Clerk is requested to tax the following costs against: Plaintiff-Appellant, Everett Blakes

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($500.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 7 | 46 | 0.15 | 48.3 | 7 | 46 | .15 | 48.30 |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | | | Total $ | 48.3 | | Costs are taxed in the amount of $ | | 48.30 |

Costs are hereby taxed in the amount of $ __48.30__ this __17th__ day of __August__, __2018__.

LYLE W. CAYCE, CLERK

State of
County of __Pennsylvania / Allegheny__

By _____(signature)_____
Deputy Clerk

I __Kim M. Watterson__, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This __7th__ day of __August__, __2018__.

Kim M. Watterson
(Signature)

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS

Attorney for __Appellee, DynCorp International, L.L.C.__

FIFTH CIRCUIT RULE 39

**39.1 Taxable Rates.** *The cost of reproducing necessary copies of the brief, appendices, or record excerpts shall be taxed at a rate not higher than $0.15 per page, including cover, index, and internal pages, for any for of reproduction costs. The cost of the binding required by 5ᵀᴴ Cɪʀ. R. 32.2.3 that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate. This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available; and the clerk shall, at reasonable intervals, examine and review it to reflect current rates. Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.*

**39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs.** *Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.*

**39.3 Time for Filing Bills of Costs.** *The clerk must receive bills of costs and any objections within the times set forth in* Fᴇᴅ. R. Aᴘᴘ. P. 39(ᴅ). *See* 5ᵀᴴ Cɪʀ. R. 26.1.

Fᴇᴅ. R. Aᴘᴘ. P. 39.    COSTS

**(a)** *Against Whom Assessed.* The following rules apply unless the law provides or the court orders otherwise;

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if a judgment is affirmed, costs are taxed against the appellant;

(3) if a judgment is reversed, costs are taxed against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

**(b)** *Costs For and Against the United States.* Costs for or against the United States, its agency or officer will be assessed under Rule 39(a) only if authorized by law.

**©)** *Costs of Copies* Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

**(d)** *Bill of costs: Objections; Insertion in Mandate.*

(1) A party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must – upon the circuit clerk's request – add the statement of costs, or any amendment of it, to the mandate.

**(e)** *Costs of Appeal Taxable in the District Court.* The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

# CERTIFICATE OF SERVICE

I hereby certify that, on August 7, 2018, I electronically filed the foregoing Bill of Costs with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system on the following counsel of record:

| TAGGART MORTON, L.L.C.<br>Perry R. Staub, Jr.<br>(Bar Roll No. 12414)<br>Mark E. Van Horn<br>(Bar Roll No. 14476)<br>1100 Poydras Street, Suite 2100<br>New Orleans, Louisiana 70163-2100<br>Tel.: (504) 599-8500;<br>Fax: (504) 599-8501 | MURRAY LAW FIRM<br>Devin A. Lowell<br>(Bar Roll No. 36555)<br>650 Poydras Street, Suite 2150<br>New Orleans, Louisiana 70130<br>Tel.: (504) 525-8100;<br>Fax: (504) 584-5249 |
|---|---|

/s/ Kim M. Watterson
Counsel for Appellee,
DynCorp International, L.L.C.